WAYNE C. MAYER (62031)
Law Offices of Wayne C. Mayer
4619 Van Dyke Avenue
San Diego, CA 92116
(619) 281-9263
Fax (619) 281-2963

Attorney for Material Witness: JUAN ANTONIO ESPINOSA NAVA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSE MIGUEL ESCOTO-VALLEJO,<br>BRENDA ELIZABETH ARGUELLO,<br>JORGE ANTONIO TERRIQUEZ-ROJAS,<br><br>Defendant(s). | Case No.: 08 CR 2586 IEG<br><br>NOTICE OF MOTION AND MOTION FOR VIDEO TAPED DEPOSITION OF JUAN ANTONIO ESPINOSA NAVA<br><br>DATE: September 9, 2008<br>TIME: 9:30 a.m.<br>DEPT: Judge Papas |

PLEASE TAKE NOTICE that on September 9, 2008 at 9:30 a.m. or as soon thereafter as counsel may be heard, material witness JUAN ANTONIO ESPINOSA NAVA (hereafter "Material Witness") by and through his counsel, Wayne C. Mayer will bring a motion for a court order to take the Material Witness' videotaped deposition.

**MOTION**

Material Witness, pursuant to Federal Rules of Criminal Procedure, Rule 15, and Title 18 U.S.C. sec. 3144, hereby moves this court for an order to take his deposition by videotape and release him at the conclusion of the deposition. If the Court denies this motion, then Material

Witness further requests the United States Attorney's office provide the witness with a Statement of Reasons in Support of Custody in accordance with Federal Rules of Criminal Procedure, Rule 46(g).

This motion is based upon this Notice of Motion and Motion for Videotaped Deposition and Request for Statement of Reasons in Support of Custody, Points and Authorities in Support JUAN ANTONIO ESPINOSA NAVA's Motion for Video Taped Deposition, Declaration of JUAN ANTONIO ESPINOSA NAVA's, Declaration of Wayne C. Mayer, the files and records in the above entitled cause, and any and all other information brought to the Court's attention prior to or during the hearing on this motion.

Dated: August 18, 2008

Respectfully submitted,

s/ Wayne C. Mayer
Wayne C. Mayer
Attorney for Material Witness
JUAN ANTONIO ESPINOSA NAVA

WAYNE C. MAYER (62031)
Law Offices of Wayne C. Mayer
4619 Van Dyke Avenue
San Diego, CA 92116
(619) 281-9263
Fax (619) 281-2963

Attorney for Material Witness: JUAN ANTONIO ESPINOSA NAVA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>Vs.<br><br>JOSE MIGUEL ESCOTO-VALLEJO,<br>BRENDA ELIZABETH ARGUELLO,<br>JORGE ANTONIO TERRIQUEZ-ROJAS,<br><br>Defendant(s). | Case No.: 08 CR 2586 IEG<br><br>POINTS AND AUTHORITIES IN SUPPORT OF JUAN ANTONIO ESPINOSA NAVA MOTION FOR VIDEO TAPED DEPOSITION<br><br>DATE: September 9, 2008<br>TIME: 9:30 a.m.<br>DEPT: Judge Papas |

Material witness(es) (hereafter "Material Witnesses") by and through his counsel, Wayne C. Mayer, submits the following Memorandum of Points and Authorities in support of his motion for a court order to take the Material Witnesses' videotaped deposition.

**I.**

**INTRODUCTION**

On or about July 23, 2008 the material witness (es) were detained by the United States Border Patrol in connection with the arrest of defendants in the above-entitled case. The defendants were charged with intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens had come to, entered and remained in

the United States in violation of law, did transport and move said aliens within the United States in furtherance of such violation of law, in violation of Title 8 U.S.C. sec. 1324 (a)(1)(B)(ii) and Title 18 , United States Code, Section 2 and Title 8 U.S.C. sec. 1324 (a)(1)(A)(ii) and (v) (II).

Agent BPA F. Rivera dressed in civilian attire and operating an unmarked DHS vehicle, was performing anti-smuggling duties west of the Interstate 8 westbound Immigration Checkpoint located near Pine Valley, California. At approximately 1:20 a.m., Agent Rivera observed a white GMC Safari minivan traveling at 50 miles per hour of I-8. The posted speed limit on I-8 is 70 miles per hour. Driving well under the posted speed limit is common counter-intelligence tactic used by alien smugglers. Driving below the speed limit allows the smugglers to identify any vehicle attempting to follow them at lower speeds.

Agent Rivera started mobile surveillance on the white GMC Safari, and requested vehicle records checks from Border Patrol Dispatch. Dispatch soon informed Agent Rivera that the GMD Safari was not reported stolen and was registered out of Van Nuys, California. Dispatch further informed Agent Rivera that the GMC Safari had a release of liability on file out of Arleta, California. Alien smugglers commonly use vehicles registered outside the local area to pick up illegal aliens. The use of vehicles with incomplete registrations is also a common tactic used by alien smugglers, in an effort to hide the true identity of the owner from law enforcement officials.

Agent Rivera followed the Safari GMS on I-8. Traffic was very light and there was only one other vehicle between Agent Rivera's vehicle and the GMC Safari. Border Patrol Agent A. Hurtado, also operating an unmarked DHS vehicle, took over surveillance of the GMC Safari as it passed the Buckman Springs Exit on I-8 and continued eastbound. Agent Hurtado noticed that the vehicle in between himself and the GMC Safari, a dork gray Ford Focus, was matching the GMC Safari's movements, also driving at approximately 50-55 mile per hour, following it closely behind, and not passing it for more than 25 miles of highway. Alien smugglers

commonly have a second vehicle traveling in tandem with the alien pick up vehicle. The occupants of the second vehicle commonly scout for law enforcement vehicles in the area.

Agent Hurtado maintained constant visual surveillance on both the GMC Safari and the Ford Focus until they exited I-8 in Jacumba, California. Agent Hurtado then observed both vehicles, still traveling in close tandem, immediately re-enter I-8 traveling westbound. Alien smugglers commonly reverse directions on I-8, shortly before or after picking up their human cargo in an attempt to detect and evade law enforcement surveillance. Agent Rivera resumed surveillance on the GMC Safari and Ford Focus and requested other units take over surveillance of the GMC Safari, as the two vehicles were now separating.

Agent Cuevas, began surveillance on the GMC Safari, and observed it stop on the shoulder of I-8 just past the Boulevard Exit. Shortly after, Agent Rivera observed the Ford Focus pull over to the shoulder immediately in front of the GMC Safari. Agent Rivera recognized this location, at the Pine Valley 19 miles/San Diego 68 miles freeway sign, as a very commonly used illegal alien pick up location.

Agent Hurtado, who was traveling approximately a half a mile behind Agent Rivera on I-8, observed several people come out of the bushes near the freeway sign and get into the GMC Safari. Agent Hurtado immediately recognized that an illegal alien smuggling event was unfolding before him, and notified the other Agents of his observations.

Acting Field Operations Supervisor Treadway and Supervisory Agent Hansen were positioned in order to assist the surveillance units. Agents Treadway and Hansen were each operating marked Border Patrol vehicles, equipped with fully functioning emergency lights and audible police sirens and wearing full Border Patrol uniforms.

Upon confirmation that the GMC Safari had picked up illegal aliens on the side of the road, Agents Treadway and Hansen began traveling westbound on I-8 from the Boulevard Exit. Agent Hansen observed the GMC Safari re-enter the I-8 travel lanes from the shoulder, then turn

its headlights on. Agent Hansen further observed that the rear of the GMC was riding unusually low, as if heavily laden. Immediately thereafter, Agent Hansen observed the Ford Focus traveling at freeway speed on the shoulder with it headlights off. The Ford Focus, still with headlights off, pulled onto the interstate and cut off Agent Hansen. Agent Hansen then observed the headlights on the Ford Focus come on, well after it was traveling on the freeway. Agent Hansen passed the Ford Focus in an effort to catch up to the GMC Safari.

Agent Hansen pulled his marked sedan alongside the driver side of the GMC Safari and activated the right alley light on his vehicle in order to observe the driver. Agent Hansen was able to get a good look at the driver of the GMC Safari. The driver of the GMC Safari, later identified as the defendant Jose Miguel Escoto Vallejo swerved into Agent Hansen's lane forcing him to take evasive action to avoid being rammed. Immediately after, the driver of the GMC Safari accelerated to a speed well over the speed limit and pulled away from the marked sedan and other surveillance units. Agent Hansen observed the GMC Safari swerved back and forth between the two lanes of travel, at time traveling for long stretches straddling both lanes. Based upon the driver's dangerous actions, Agent Hansen requested that Campo agents respond to assist and prepare themselves to deploy a controlled tire deflation device before he attempted a vehicle stop.

Several miles ahead, the Border Patrol Checkpoint was operational, and Agents knew from experience that the GMC Safari would most likely exit I-8 onto Kitchen Creek Road, so that its occupants could bail out. Agent Rivera attempted passing the GMC Safari in order to go to the Kitchen Creek Road Exit and set up a controlled tire deflation device. Agent Rivera, driving his unmarked vehicle, waited for the GMC Safari to occupy a single lane of travel, then attempted passing it in the fast lane. As the front of Agent Rivera's started passing the rear of the GMC Safari, ESCOTO violently swerved left towards Agent Rivera. Agent Rivera had no choice but to maneuver to the left, coming dangerously close to a large drop-off on the side of

the freeway. The GMC resumed its original position, as Agent Rivera attempted to steer off the shoulder back into the lane. ESCOTO again swerved at Agent Rivera, coming dangerously close to ramming his vehicle as second time. Agent Rivera slowed down and backed off after the driver's second attempt at running Agent Rivera off the road.

Shortly after, Agent Hansen observed the GMC slow down and exit I-8 onto Kitchen Creek Road. As the vehicle slowed down almost to a stop at the bottom of the exit ramp Agent Hansen activated his vehicle's emergency lights and audible siren in an effort to conduct a vehicle stop in order to ascertain the immigration status of its occupants. The GMC failed to yield to the enforcement stop as it accelerated northbound on Kitchen Creek Road. Kitchen Creek Road is a winding mountain road, with scattered sharp curves near drop-offs and cliffs. ESCOTO continued driving northbound in an attempt to flee from the pursuing units. Marked units backed off and allowed the unmarked vehicles to follow the GMC Safari. As Kitchen Creek Road ended, just before a closed iron gate near Mile Marker 5, the GMC came to a stop. Agent Hansen positioned his vehicle alongside the driver's side and observed ESCOTO exit the driver's seat and run away southbound between Agent Hans's vehicle and the GMC Safari. Agent Hansen ran after defendant ESCOTO, and was able to apprehend him within 20 yards of the vehicles. Agent Hansen was further able to positively identify defendant ESCOTO as the driver on I-8, when he had illuminated the GMC with his vehicle's alley light. Agent Hansen identified himself as a Border patrol Agent and inquired as to his immigration status. Defendant ESCOTO freely admitted to being a citizen and national of Mexico, having no immigration documents that would allow him to enter or remain in the United States.

Other agents Blanchard and Cuevas had positioned their vehicles along the passenger side and rear of the GMC respectively. Agents Blanchard and Cuevas did not observe anyone else exiting the GMC Safari. They approached the GMC on foot, identified themselves as Border Patrol Agents and conducted individual immigration inspections on the fifteen (15)

occupants of the GMC Safari. Each occupant individually and freely admitted to being citizens and nationals of Mexico, having no immigration documents that would allow them to legally enter or remain in the United States.

Agent Treadway positioned his marked vehicle behind the Ford Focus and activated his vehicle's emergency lights and police siren in an effort to conduct a vehicle stop and perform an immigration check on its occupants. The Ford Focus yielded to the enforcement stop on I-8, at the Crestwood Road Exit. Agent Treadway identified himself as a Border Patrol Agent and conducted an immigration inspection on the female driver and male passenger. The driver, identified as defendant Brenda Elizabeth ARGUELLO a US Citizen. The passenger, identified as defendant Jorge Antonio TERRIEQUEZ-Rojas was a lawful permanent resident. Agent Treadway placed both defendants under arrest.

Agents questioned the driver ESCOTO as to his citizenship. He stated he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally. ESCOTO stated he illegally crossed the Untied States Mexico International Boundary on Tuesday. He had been staying at an apartment in San Diego when an unknown man came looking for someone that could drive for him and that all he needed to do was to pick up some people. ESCOTO stated that it was easy for him just to take the van and drive to a pick up location. ESCOTO was offered $100.00 USD for each person that he picked up. After ESCOTO agreed, the smuggler drew a mop of the pickup location, which ESCOTO stated that he memorized. ESCOTO admitted to having prior knowledge that the people he was picking up would be illegal aliens.

According to the plan, ESCOTO stated he would be driving the illegal aliens to a location that would be given him by the group's foot guide. After driving to that location, ESCOTO would then join the group of illegal aliens and walk through the mountains to another pre-determined location. The unknown smuggler who hired him told ESCOTO that a woman would

be following him in a car with another person. The smuggler did not state if the other person was a male or female. ESCOTO stated that according to the plan, the woman and her passenger would take the van after he left with the group of illegal aliens. ESCOTO saw another car stop in front of the van when he was picking up the illegal aliens.

ESCOTO stated that as per his memorized instructions, he turned around using the Jacumba exit on I-8 and then proceeded to a sign that read San Diego sixty-something miles to pick up the illegal aliens. ESCOTO stated that after picking up the illegal aliens on the side of the road, he saw a patrol car. ESCOTO accelerated because he was scared and because he did not want to be sent back to Mexico after having crossed into the United States illegally. ESCOTO stated he was conscious of the fact that he accelerated to over 100 miles per hour and that he should have stopped.

Three of the 15 individuals being transported in the GMC Safari were detained as Material Witnesses attempting to enter the United States without legal permission or documents to remain here. All the detained stated that they were to pay between $1500.00 and $2,000.00 U.S. dollars to be smuggled into the United States. NO witnesses were in or were related to the second vehicle described by the Agents as a support/scout vehicle in which defendants Brenda Elizabeth ARGUELLO was the driver and the passenger is identified as defendant Jorge Antonio TERRIEQUEZ-Rojas (see Mayer Declaration para. 9).

Two of the three material witnesses detained July 23 are out of custody, having been released on a material witness bonds. One of the material witnesses JUAN ANTONIO ESPINOSA NAVA remains detained pending trial of the underlying matter. The witness JUAN ANTONIO ESPINOSA NAVA has no one in the United States who can assist him in making or posting bonds and therefore JUAN ANTONIO ESPINOSA NAVA remains in custody pending a resolution of this matter or a video deposition (see Mayer Declaration para. 2-4)

Material witness JUAN ANTONIO ESPINOSA NAVA he cannot identify anyone who was detained for prosecution as defendants in this case (see Mayer Declaration para. 8-9).

JUAN ANTONIO ESPINOSA NAVA indicates to me that he has family in Mexico who needs his attention and support (see Mayer Declaration para. 5-7).

JUAN ANTONIO ESPINOSA NAVA indicates he made arrangements to be smuggled into the United States for $1500.00 (see Nava Declaration para. 12).

It is unnecessary to keep the Material Witness JUAN ANTONIO ESPINOSA NAVA in custody because his testimony can be preserved through the use of a videotape deposition. The Material Witness therefore requests a court order that testimony of the Material Witness JUAN ANTONIO ESPINOSA NAVA be preserved through the use of videotape deposition and, thereafter, that the material witness be allowed to return to his country of origin.

## II.

## THE TESTIMONY OF THE MATERIAL WITNESS CAN BE SECURED BY VIDEOTAPE DEPOSITION AND THERE IS NO COMPELLING REASON TO KEEP THEM IN THIS COUNTRY

Section 3144 of Title 18 of the United States Code provides:

> No material witness may be detained…if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice.

A material witness may request that his deposition be taken and that he be released at the conclusion of the deposition. [Federal Rules Crim. P. 15(a)]. Where the material witness' motion demonstrates his testimony "can be adequately secured by deposition" and that "further detention is not necessary to prevent a failure of justice" the court *must* order his deposition and

prompt release.[1] Torres-Ruiz v. United States 120 F.3d 933, 935 (9th Cir. 1997) [citing Aguilar-Ayala v. Ruiz 973 F.2d 411, 413 (5th Cir. 19920]. See also, 8 U.S.C. sec. 1324(d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure 15.

1. The Material Witness' Testimony Can Be Adequately Secured By Deposition

The Material Witness should not be detained because his testimony can be adequately secured by deposition. This is a routine alien smuggling case. Based on interviews with the Material Witnesses and the report submitted by the arresting agency, the facts to which the Material Witnesses are competent to testify are straightforward. (see Mayer Declaration at para. 8). The witness JUAN ANTONIO ESPINOSA NAVA can not identify any one of the defendants charged in this case (see Mayer Declaration at para. 8, 12). Moreover, the Government's case does not depend on the testimony of the Material Witness alone. Law enforcement agents identify the driver of the GMC Safari (see Mayer Declaration para. 13). Additionally, the material witnesses have nothing to do with the occupants of the Ford Focus. The case against defendants BRENDA ELIZABETH ARGUELLO and JORGE ANTONIO TERRIQUEZ ROJAS has no real nexus to the material witnesses. The Government's case is built ENTIRELY upon the training and experience along with the observations of the agents the night of July 23, 2008. The material witness can not identify either the vehicle these two defendants were in or the driver or passenger in that vehicle (see Mayer Declaration para. 8-9). He had no contact with the defendants ARGUELLO or TERRIGQUEZ (see Mayer Declaration para. 8-9; Nava Declaration para. 11). Neither the Material Witnesses nor their counsel have been informed by

[1] While a witness may be detained for a reasonable period of time, the court must vigilantly guard an undocumented alien's "overriding liberty interest" and schedule a videotape deposition at the earliest possible time. See, Aguilar-Ayala v. Ruiz, 973 F.2d 411, 419 (5th Cir.1992).USDCT not and mo video

either the government or defense attorneys of any reason why the material witnesses testimony cannot be adequately secured by deposition. (see Mayer Declaration Para. 14).

2. Further Detention of the Material Witness Is Not Necessary To Prevent a Failure of Justice

Deposition of material witness may be used at trial in criminal cases, so it is only in *exceptional circumstances*, where the interests of justice will be denied, that a videotape deposition is not appropriate. See Torres-Ruiz v. United States 120 F.3d at 936 (9th Cir. 1997); 8 U.S.C. sec. 1324(d), Federal Rules of Evidence 804, and Federal Rules of Criminal Procedure 15.

Defendants may be present at the videotape deposition and therefore have a full and fair opportunity to confront and cross-examine the witness. The videotape provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. Dutton v. Evans 400 U.S. 89 (1970).

The government or defendant can effectuate the detention of a material witness upon a showing that (1) the material witness will, in all likelihood, be unavailable to testify for trial, and (2) that the use of deposition testimony will deny the defendant a fair trial and that live testimony would somehow be significantly different. See Aguilar-Ayala v. Ruiz 973 F.2d 413 (5th Cir. 1992), United States v. Humberto-Rivera 859 F.2d 1204, 1208 (4th Cir. 1988). That would be a difficult burden in this case because the Material Witnesses has indicated they will voluntarily return for trial. (see Nava Declaration at para. 15)[2]

---

[2] The government would undoubtedly take reasonable steps to secure the witness's testimony at trial by personally subpoenaing the witness, providing travel costs, and arranging for legal re-entry of the alien (See United States v. Eufracio-Torres 890 F.2d 266, 270.

Neither the Material Witness nor his counsel has been informed by either the government or defense attorney(s) of any reason why detention is necessary to prevent a failure of justice. (see Mayer Declaration at para. 14-15)

For these reasons, the Material Witnesses request that the Court immediately ORDER the taking of their videotape deposition and thereafter that they be immediately returned to their country of origin.

**III.**

**IF THE COURT DENIES THE MATERIAL WITNESSES' REQUEST TO TAKE THEIR VIDEOTAPE DEPOSITION, THEY REQUEST THAT THE GOVERNMENT PROVIDE THEM WITH A STATEMENT OF REASONS WHY THEY HAVE TO REMAIN IN CUSTODY**

Where a witness has been held in custody for more than 10 (ten) days, the government has an obligation to prepare a biweekly report stating the reasons why such witness should not be released with or without the taking of a deposition. [Fed. Rules Crim. Proc., Rule 46(g)].

The Material Witness is not aware of any reason why he should remain in custody, but to the extent the government knows of any such reason, he hereby request that the government provide him with a copy of a written report indicating these reasons.

**IV.**

**CONCLUSION**

For the foregoing reasons, the Material Witness JUAN ANTONIO ESPINOSA NAVA respectfully request that his Motion for the Taking of Videotape Deposition be granted. In the alternative, the witness requests he immediately is provided with a statement of reasons why he needs to remain in custody.

Dated: August 18, 2008

s/ Wayne C. Mayer
Wayne C. Mayer
Attorney for Material Witness
JUAN ANTONIO ESPINOSA NAVA

WAYNE C. MAYER (62031)
Law Offices of Wayne C. Mayer
4619 Van Dyke Avenue
San Diego, CA 92116
(619) 281-9263
Fax (619) 281-2963

Attorney for Material Witness: JUAN ANTONIO ESPINOSA NAVA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>Vs.<br>JOSE MIGUEL ESCOTO-VALLEJO,<br>BRENDA ELIZABETH ARGUELLO,<br>JORGE ANTONIO TERRIQUEZ-ROJAS,<br>Defendant(s). | Case No.: 08 CR 2586 IEG<br><br>DECLARATION OF ATTORNEY WAYNE C. MAYER IN SUPPORT OF JUAN ANTONIO ESPINOSA NAVA's MOTION FOR VIDEO TAPED DEPOSITION<br><br>DATE: September 9, 2008<br>TIME: 9:30 a.m.<br>DEPT: Judge Papas |

Material witness JUAN ANTONIO ESPINOSA NAVA (hereafter "Material Witness") by and through his counsel, Wayne C. Mayer, submits the following Declaration of Wayne C. Mayer in support of their motion for a court order to take the Material Witness' videotaped deposition.

I, Wayne C. Mayer, declare:

1. I am the attorney appointed to represent the material witness JUAN ANTONIO ESPINOSA NAVA (here in after "Material Witness") above referenced in the Prosecution of defendants in the above referenced matter;

2. I have made a diligent effort to locate sureties for the material witness JUAN ANTONIO ESPINOSA NAVA which are the subject of this motion, but have been unsuccessful;
3. No one has contacted my office to be a surety for any of the above referenced material witnesses;
4. I have interviewed the material witness JUAN ANTONIO ESPINOSA NAVA and determined that there was no one in the United States that had the ability to help the material witness and assist him in posting a material witness bond;
5. During my interview with material witness JUAN ANTONIO ESPINOSA NAVA indicated to me they are citizen and resident of the State of Mexico and that he needs to return to Mexico to support his family who rely on him for his support;
6. JUAN ANTONIO ESPINOSA NAVA further indicated to me that he has family in Mexico who he supports need to return to Mexico to care for his needy family;
7. During my interview with the material witness JUAN ANTONIO ESPINOSA NAVA indicated he had come to the United States in search of employment in order to support his needy family that remained behind in Mexico and he needs to work to support his family;
8. The facts to which the material witness JUAN ANTONIO ESPINOSA NAVA would testify are fairly straight forward; they were in a GMC Safari driven by defendant ESCOTO. They can not identify any of the defendants and did not speak to any of the defendants;
9. Agents observed the material witnesses and the defendants after they entered the United States. The defendants were in two groups. The material witnesses were in a GMC Safari. The material witnesses did not see or have any contact with the driver or passenger occupants of the second vehicle described as a Ford Focus now known as

defendants BRENDA ELIZABETH ARGUELLO and JORGE ANTONIO TERRIQUEZ ROJAS;

10. The Defendant ESCOTO was arrested as the driver of the GMC Safari with 15 undocumented aliens inside. During questioning he admitted to driving the illegal aliens for $100.00 each the witnesses and he was attempting to flee from the agents because he did not want to go back to Mexico;

11. The material witnesses were transported to the Border Patrol Station, read their Miranda rights, stated they understood their rights and were willing to make statements about the offense without an attorney being present.

12. Material witness JUAN ANTONIO ESPINOSA NAVA stated they got in the transporting vehicle driven by defendant JUAN ANTONIO ESPINOSA NAVA who were the driver. He indicated he is a citizen and national of Mexico without valid immigration documents to enter or remain in the United States legally. He indicated he was to pay a smuggling fee for being smuggled into the country;

13. Agents then detained the individuals now known as the material witnesses and the defendants. The agents identified the driver of the GMC Safari based upon their own observations;

14. I have not been advised by either government or defense counsel of any reasons why the witnesses' testimony cannot be adequately secured by deposition;

15. I have not been advised by either government or defense counsel of any reason why a detention is necessary to prevent a failure of justice;

16. The parties have not been able to negotiate a resolution of this matter or stipulate to a date for a video deposition in order to facilitate the release of the material witnesses and their return to their country of origin.

I make this declaration under penalty of perjury and the laws of the United States of America and California.

Dated: August 18, 2008

s/ Wayne C. Mayer____________
Wayne C. Mayer
Attorney for Material Witness
JUAN ANTONIO ESPINOSA NAVA

WAYNE C. MAYER (62031)
Law Offices of Wayne C. Mayer
4619 Van Dyke Avenue
San Diego, CA 92116
(619) 281-9263
Fax (619) 281-2963

Attorney for Material Witness: JUAN ANTONIO ESPINOSA NAVA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>Vs.<br><br>JOSE MIGUEL ESCOTO-VALLEJO,<br>BRENDA ELIZABETH ARGUELLO,<br>JORGE ANTONIO TERRIQUEZ-ROJAS,<br><br>Defendant(s). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 08 CR 2586 IEG<br><br>DECLARATION OF JUAN ANTONIO ESPINOSA NAVA's IN SUPPORT OF MOTION FOR VIDEO TAPED DEPOSITION<br><br>DATE: September 9, 2008<br>TIME: 9:30 a.m.<br>DEPT: Judge Papas |

I, JUAN ANTONIO ESPINOSA NAVA, declare:

1. On or about July 23, 2008 I was one of a number of undocumented aliens being smuggled into the United States;
2. I was one of three men detained and designated as a material witnesses, the illegal aliens were released the night of my arrest and voluntarily returned to Mexico;
3. I have made a diligent effort to locate surety for myself but have been unsuccessful, there is no one in the United States that can assist me in posting a material witness bond;

4. I need to work to support a family at home in Mexico who rely on me for their financial support;
5. I am a citizen and resident of the Mexico City, Mexico and need to return to Mexico to support my family;
6. I entered the country illegally by crossing the border on foot on July 23, 2008. I did not have permission to enter the United States or have legal permission to enter the United States or remain in the United States;
7. After walking for nearly a day with a foot guide, I arrived at the place where I stopped and waited in the bushes near the side of a paved road, when the van stopped I jumped in to the vehicle along with the other 15 or so individuals waiting with me;
8. The foot guide entered the vehicle with us and was initially detained at the time of my arrest with the all of the illegal aliens;
9. There was a bus the Agents used to transport the arrested/detained illegal aliens back to Mexico. The foot guide was placed on this bus with the other illegal aliens who were being returned. I saw agents take him off the bus, but do not know what happened to him. As far as I know the foot guide was not charged in this case and was released back to Mexico;
10. I was not afforded a view of the driver of the GMC Safari. I can not identify the driver of the GMC Safari.
11. I can not identify either of the other defendants who drove the alleged support vehicle (Ford Focus) or the passenger of that vehicle who are being charged in this case with assisting or smuggling aliens into the United States;
12. I was to pay someone a smuggling fee of $1500 after entering the United States;

13. I came to the United States in search of employment in order to support my family that remained behind in Mexico and I need to work to support my family;
14. It would be a hardship on myself and my family to be detained any longer;
15. In the event I was released from custody following my deposition I would voluntarily return to the United States for trial of this matter.

I make this declaration under penalty of perjury and the laws of the United States of America and California.

Dated: August 18, 2008

s/ JUAN ANTONIO ESPINOSA NAVA
JUAN ANTONIO ESPINOSA NAVA
Material Witness

# PROOF OF SERVICE

Case Name: U.S.A. vs. JOSE MIGUEL ESCOTO VALLEJO; BRENDA ELIZABETH ARGEULLO; JORGE ANTONIO TERRIQUEZ ROJAS
Case Number: 08 CR 2586 IEG

I am employed in the County of San Diego, State of California and over the age of eighteen years. I am not a party to the within action. My business address is 4619 Van Dyke Avenue, San Diego, California 92116.

I served the document(s) listed below on opposing counsel by causing to be delivered a efile copy thereof to the office of the Clerk, 880 Front Street, San Diego, California 92189 and personally served on the parties listed herein.

Date Served: August 18, 2008
Documents Served:

- NOTICE OF MOTION AND MOTION FOR VIDEO TAPED DEPOSITION OF JUAN ANTONIO ESPINOSA NAVA
- POINTS AND AUTHORITIES IN SUPPORT OF JUAN ANTONIO ESPINOSA NAVA MOTION FOR VIDEO TAPED DEPOSITION
- DECLARATION OF ATTORNEY WAYNE C. MAYER IN SUPPORT OF JUAN ANTONIO ESPINOSA NAVA'S MOTION FOR VIDEO TAPED DEPOSITION
- DECLARATION OF JUAN ANTONIO ESPINOSA NAVA IN SUPPORT OF MOTION FOR VIDEO TAPED DEPOSITION;
- PROOF OF SERVICE;
- ORDER VIDEO TAPED DEPOSTION OF MATERIAL WITNESS JUAN ANTONIO ESPINOSA NAVA

Parties Served: Alessandra P Serano, Assistant United States Attorney; Karen P. Hewitt, United States Attorney. Alessandra P Serano, Esq. Fax: 619-235-2757, Assistant United States Attorney, 880 Front Street, Fifth Floor, San Diego, CA 92101.
I also caused an additional copy to be personally served on the attorney(s):

dcbrow@pacbell.net
Douglas C Brown, Esq. 619-2324990
Law Offices of Douglas C. Brown
225 Broadway, Ste. 2200
San Diego, CA 92101

antonioyoon@cox.net
Antonio F Yoon 619-754-6886
Law Offices of Antonio F Yoon
501 W. Broadway #A-387
San Diego, CA 92101

David_peterson@fd.org 619-687-2666
David Peterson, Esq.
Federal Defenders, Inc.
225 Broadway, Ste.900
San Diego, CA 92101

Dated: August 18, 2008

s/Wayne C. Mayer
Wayne C. Mayer